IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JESSE D. BOND,    Plaintiff, | : : : | |
| v. | : : | CIVIL ACTION NO. 22-CV-2812 |
| SCOTT DiCLAUDIO,    Defendant. | : : : | |

## MEMORANDUM

**SMITH, J.**                                                                                           **SEPTEMBER 28, 2022**

Plaintiff Jesse D. Bond, a prisoner currently incarcerated at SCI Phoenix, brings this *pro se* civil action pursuant to 42 U.S.C. § 1983, raising claims against Scott DiClaudio, a judge for the Philadelphia County Court of Common Pleas who presided over Bond's criminal proceedings. Bond seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant Bond leave to proceed *in forma pauperis* and dismiss the Complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

### I.    FACTUAL ALLEGATIONS[1]

Bond avers that Judge DiClaudio "committed the acts of usurpation and treason" by "assuming subject matter jurisdiction where he had none" and by making "rulings against" Bond in his criminal proceeding, *Commonwealth v. Bond*, CP-51-CR-2217781-1992 (C.P. Philadelphia). (Compl. (ECF No. 1) at 7.) Specifically, Bond asserts that he "warned" Judge DiClaudio on January 30, 2022 that his "actions would constitute the unlawful acts of usurpation and treason if DiClaudio were to assume subject matter jurisdiction . . . where no subject matter

---

[1] The following allegations are taken from the Complaint and publicly available records of which this Court takes judicial notice. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) (courts may consider "matters of public record" in determining whether a pleading has stated a claim).

existed, and commence to issuing ruling against Mr. Bond." (*Id.*) Bond seeks compensatory and punitive damages, and a declaration that Judge DiClaudio violated his rights and that his actions constituted "usurpation and treason." (*Id.* at 8-9.)

Public dockets reflect that Bond was charged in a criminal proceeding in the Philadelphia Court of Common Pleas in 1992 arising from an offense date of September 14, 1991. *Bond*, CP-51-CR-2217781-1992. On February 8, 1993, following a jury trial before the Honorable David N. Savitt, Bond was found guilty of murder of the first degree, robbery, possession of an instrument of crime, and criminal conspiracy. (*Id.*) Following a penalty hearing, the jury returned a sentence of death for murder, and Judge Savitt imposed the sentence on July 28, 1993. (*Id.*) Bond exhausted his state court remedies before filing a federal habeas corpus petition with this Court on November 22, 2002. Although the Court rejected Bond's challenges to his conviction, the petition was granted as to Bond's death sentence following a determination that Bond had received ineffective assistance of counsel at the penalty hearing. *See Bond v. Beard*, 539 F.3d 256 (3d Cir. 2008). Bond was resentenced on November 15, 2012 to concurrent terms of imprisonment of life without parole for murder, ten to twenty years for robbery, two and one-half to five years for possession of an instrument of crime, and five to ten years for criminal conspiracy. *See Bond*, CP-51-CR-2217781-1992.

Following his resentence, Bond has filed numerous PCRA petitions with the state court. *See Commonwealth v. Bond*, 2019 WL 3916645, at *1 (Pa. Super. 2019). More recently, Bond filed a "Subsequent PCRA" on March 12, 2020 and a "Supplement PCRA Amended PCRA Petition" on May 4, 2021. *See Bond*, CP-51-CR-2217781-1992. On January 11, 2022, Judge DiClaudio filed a notice of intent to dismiss Bond's PCRA petition pursuant to Pennsylvania Rule of Criminal Procedure 907. (*Id.*) Bond responded on January 31, 2022, and on February 22, 2022,

Judge DiClaudio dismissed Bond's PCRA petition as untimely. (*Id.*) Bond has since filed a Notice of Appeal to the Pennsylvania Superior Court, which is currently pending. (*Id.*)

## II. STANDARD OF REVIEW

The Court grants Bond leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[2] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Bond is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

## III. DISCUSSION

The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right

---

[2] However, as Bond is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act.

secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Judges are entitled to absolute immunity from civil rights claims that are based on acts or omissions taken in their judicial capacity, so long as they do not act in the complete absence of all jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Harvey v. Loftus*, 505 F. App'x 87, 90 (3d Cir. 2012) (*per curiam*); *Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (*per curiam*). An act is taken in a judge's judicial capacity if it is "a function normally performed by a judge." *Gallas v. Supreme Ct. of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority" *Capogrosso v. The Supreme Court of New Jersey*, 588 F.3d 180, 184 (3d Cir. 2009) (citations omitted). Moreover, "[i]mmunity will not be forfeited because a judge has committed 'grave procedural errors,' or because a judge has conducted a proceeding in an 'informal and ex parte' manner', . . . [or] because the judge's action is 'unfair' or controversial." *Gallas*, 211 F.3d at 769 (citations omitted). A judge will be subject to liability only "when he has acted 'in the clear absence of all jurisdiction.'" *Id.* (quoting *Stump*, 435 U.S. at 356-57). "Generally . . . 'where a court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes.'" *Figueroa v. Blackburn*, 208 F.3d 435, 443-44 (3d Cir. 2000) (quoting *Barnes v. Winchell*, 105 F.3d 1111, 1122 (6th Cir. 1997)).

Bond is pursuing claims against Judge DiClaudio based on acts taken in his judicial capacity, specifically, the way Judge DiClaudio handled post-conviction petitions and motions that Bond filed seeking to undermine his conviction. Bond alleges in a conclusory and nonsensical fashion that Judge DiClaudio acted in the absence of jurisdiction because no information had been

4

filed against Bond during his initial criminal proceedings. (Compl. at 4.) However, as acknowledged by Bond in his pleading, Judge DiClaudio informed him that "a criminal complaint was attested to by a detective Joseph Fischer on November 17, 1991" informing Bond of the charges against him, to which Bond signed on January 8, 1992. (Compl. at 5-6.) Bond's conclusory allegations do not support a plausible conclusion that Judge DiClaudio lacked jurisdiction to rule on Bond's post-conviction filings so as to preclude application of judicial immunity here. *See Spuck v. Fredric*, 415 F. App'x 358, 359 (3d Cir. 2011) (*per curiam*) (judicial immunity barred claim that judge "entered a notice of intent to dismiss the petition again the day after the Superior Court's remand, which [plaintiff] claims was 'too soon' because jurisdiction had not yet been transferred back to the PCRA court"); *Vasquez v. Dwyer*, 377 F. App'x 225, 226 (3d Cir. 2010) (*per curiam*) (judicial immunity barred claim that judge "denied [plaintiff's] post-conviction petition and ignored [plaintiff's] motion to compel discovery"). Accordingly, Bond's claims against Judge DiClaudio will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).[3] *See Kinnard v. George*, 652 F. App'x 96, 98 (3d Cir. 2016) (finding § 1983 action by a *pro se* plaintiff against two state court judges was properly dismissed where plaintiff complained of "judicial actions that [the] Judges . . . took in the course of an official criminal proceeding" because the judges were "protected by absolute judicial immunity").

IV.   CONCLUSION

---

[3] In addition to money damages, Bond sought a declaration that his rights had been violated by Judge DiClaudio. *See* Compl. at 8-9. Because declaratory relief is unavailable to adjudicate past conduct, Bond's request for declaratory relief is improper. *See Corliss v. O'Brien*, 200 F. App'x 80, 84 (3d Cir. 2006) (*per curiam*) ("Declaratory judgment is inappropriate solely to adjudicate past conduct" and is also not "meant simply to proclaim that one party is liable to another."); *see also Andela v. Admin. Office of U.S. Courts*, 569 F. App'x 80, 83 (3d Cir. 2014) (*per curiam*) ("Declaratory judgments are meant to define the legal rights and obligations of the parties in the anticipation of some future conduct."). A declaratory judgment is also not "meant simply to proclaim that one party is liable to another." *Corliss*, 200 F. App'x at 84 (*per curiam*); *see also Taggart v. Saltz*, 855 F. App'x 812, 815 (3d Cir. 2021) (*per curiam*) ("A declaratory judgment is available to define the legal rights of the parties, not to adjudicate past conduct where there is no threat of continuing harm.").

For the foregoing reasons, the Court will grant Bond leave to proceed *in forma pauperis* and dismiss his Complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Bond will not be given leave to file an amended complaint because he cannot cure the defects in his claims. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002). An Order follows.

BY THE COURT:

*/s/ Edward G. Smith*
EDWARD G. SMITH, J.